No. 89-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CLARENCE D. ANDERSON and GLORIA A.
ANDERSON, husband and wife, et al.,
             Plaintiffs and Appellants,
        -vs-
MICHAEL A. BASHEY and JOYCE A. BASHEY, MARC
HUTCHINSON and JANE DOE HUTCHINSON, DONNA
DeCARO and JOHN DOE DeCARO, BASHEY & COMPANY,
and BASHEY, DeCARO & COMPANY,
             Defendants and Respondents,
        and
DANA P. DAIGLE and RUTH D. DAIGLE, HARRY E.
CHESMAN and DEBORAH T. CHESMAN, and MICHAEL J.
MULRONEY,      Defendants.

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:
        For Appellant:
              Thomas H. Clary; Clary & Clary, Great Falls, Montana
              Spencer Hall, Jr.; Mundt, MacGregor, Happel, Falconer,
              Zulauf & Hall, Seattle, Washington

        For Respondent:
              Robert J. Emmons; Emmons & Coder, (Bashey, etc.), Great
              Falls, Montana
              Mary C. Eklund; Bittner & Barker, (Bashey, Hutchinson,
              DeCaro (& CO), Seattle, Washington
              William E. Fitzharris, Jr.; Hallmark, Keating & Abbott,
              (Chesman), Seattle, Washington
              Geoffrey P. Knudsen; Stoel, Rives, Boley, Jones & Grey,
              (Daigle), Seattle, Washington
              Ronald F. Waterman; Gough, Shanahan, Johnson & Waterman,
              (Daigle), Helena, Montana
              Judith A. Butler; Lukins & Annis, (Mulroney), Spokane,
              Washington
              Terry B. Cosgrove; Luxan & Murfitt, (Mulroney) Helena,
              Montana

Submitted on Briefs:  Oct. 20, 1989
        Decided:  February 2, 1990

Filed:

_____
                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs appeal a judgment of the Eighth Judicial District, Cascade County, granting defendant's motion to dismiss for lack of in personam jurisdiction.

Defendants raise the question of whether or not the plaintiffs properly and timely filed their notice of appeal. Having examined the record and the law on the issue, we find the appeal is untimely and we are without jurisdiction to hear it.

The plaintiffs in this action purchased interests in a Washington general partnership that owned and operated ten orchards located in central Washington. The defendants are Washington accountants, who worked for the general partnership.

The plaintiffs allege the defendants joined in a scheme to defraud Montana residents through the unlawful sale of partnership interests in the Washington fruit orchards. According to the plaintiffs, the accountants assisted in carrying out the orchards scheme by preparing tax opinion letters and financial information used to sell the orchard securities in Montana and by acting as the accountants for the orchards by, among other services, preparing annual tax returns for the orchard partnerships and preparing individual schedule K-1 tax forms for the investors in Montana.

On March 1, 1989, the District Court entered an order dismissing all claims assessed against the defendants Micheal A. Bashey and Joyce A. Bashey, husband and wife; Donna DeCaro and her deceased husband, Michael DeCaro; Marc S. Hutchinson and Elizabeth Hutchinson, husband and wife; Bashey & Company, a Washington general partnership; and Bashey DeCaro & Company, a Washington general partnership (collectively hereinafter the Bashey defendants). The District Court in March 1, 1989, ruled that there was no personal jurisdiction over the Bashey defendants in Montana.

On March 2, 1989, the plaintiffs acknowledged personal service of the notice of entry of judgment of the March 1, 1989 order.

Subsequently, on March 13, 1989, the plaintiffs filed a motion for reconsideration. Finally, on April 27, 1989, the plaintiffs filed their notice of appeal.

The issue raised by the plaintiffs is whether the District Court properly granted defendants' motion to dismiss for lack of in personam jurisdiction. We do not have jurisdiction to determine this issue. Plaintiffs' notice of appeal was not timely, and therefore this Court is without jurisdiction to hear it. Consequently, plaintiffs' appeal must be dismissed.

On March 1, 1989, the District Court entered an order dismissing all claims against the Bashey defendants. On March 2, 1989, the plaintiffs acknowledged the service of the notice of entry of judgment. At that point, if plaintiffs desired relief from the court's judgment they had the following alternatives:

1. File an appeal within 30 days from the service of notice of entry of judgment. Rule 5(a)(1), M.R.App.P.

2. Move for a new trial not later than 10 days after service of the notice of entry of judgment. Rule 59(a) and (b), M.R.Civ.P.

3. Move to alter or amend the judgment not later than 10 days after the service of the notice of entry of judgment. Rule 59(g), M.R.Civ.P., or

4. Move for an amendment of the District Court's findings no later than 10 days after service of the notice of entry of judgment. Rule 52(b), M.R.Civ.P.

Although the plaintiff had a variety of motions to choose from, the plaintiffs elected to file a motion for reconsideration. A motion for reconsideration is not listed as a post-judgment motion under the Montana Rules of Civil Procedure. The plaintiffs' motion therefore has no effect, unless we equate it to a motion under Rule 59, or Rule 52, M.R.Civ.P. The plaintiffs' motion fails to meet the provision ". . . no later than 10 days after service

3

of notice of entry of judgment" as required by the Rules. On March 2, 1989, the plaintiffs acknowledged personal service of the notice of entry of judgment. Unfortunately, the plaintiffs filed their motion on March 13, 1989, one day too late under the Rules.

The plaintiffs' tardiness in filing their motion has devastating consequences under the time requirements for filing a notice of appeal. Under Rule 5, M.R.App.P., the time for filing a notice of appeal may be suspended by certain timely post-trial motions. Rule 5(a)(4), M.R.App.P. Here, however, plaintiffs' post-trial motions were without effect to lengthen the time limits for a notice of appeal. The motion filed by the plaintiff is barred by the ten day limitation. Rules 59 and 52, M.R.Civ.P.

Rule 5(a)(1), M.R.App.P., provides that an appeal from an order must be taken within 30 days of its entry except that in cases where service of notice of entry is required, the time for appeal shall be 30 days from the service of notice of entry of judgment. In Re the Marriage of McDonald (1979), 183 Mont. 312, 314, 599 P.2d 356, 357. Here, service of the notice of entry of judgment was made on March 2, 1989. The plaintiffs filed their notice of appeal on April 27, 1989, well beyond the 30 day time limit set forth in Rule 5(a)(1), M.R.App.P.

This Court has long held that the time limits for an appeal are mandatory and jurisdictional. O'Connell v. Heisdorf (1982), 202 Mont. 89, 91, 656 P.2d 199, 200; Price v. Zunchich (1980), 188 Mont. 230, 235, 612 P.2d 1296, 1299; Snyder v. Gommenginger (1979), 183 Mont. 375, 376-77, 600 P.2d 171, 172-73. In the present case,

4

the plaintiffs were required to perfect an appeal in the manner and within the time limits provided by the law. The plaintiffs have failed, and therefore, this Court did not acquire jurisdiction to entertain and determine their appeal. <u>Snyder</u>, 600 P.2d at 173.

Accordingly, it is hereby ordered that this appeal be dismissed as not having been timely filed pursuant to Rule 5, M.R.App.P.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

5