No.   89-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

NELLIE G. TAYLOR, as Personal
Representative of the Estate
of Jack Leslie Taylor, Deceased,

      Plaintiff and Respondent,

  -vs-

JOHN NEIL HONNERLAW,

      Defendant and Appellant.


APPEAL FROM:   District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif B. Erickson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Linda Osorio St. Peter, Attorney at Law, Missoula,
          Montana

      For Respondent:

          H. James Oleson, Oleson Law Firm, Kalispell, Montana


Submitted on Briefs:   March 16, 1990

Decided:   April 24, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

John Neil Honnerlaw, defendant, appeals the decision of the District Court of the Eleventh Judicial District, Flathead County, granting plaintiff Nellie G. Taylor's motion for summary judgment and denying Honnerlaw's subsequent "motion for reconsideration." We affirm.

The two essential issues raised on appeal are:

1. whether the District Court erred in granting Nellie Taylor's motion for summary judgment; and

2. whether the District Court erred in denying Honnerlaw's "motion for reconsideration."

Jack Leslie Taylor died intestate on May 3, 1988. On May 5, 1988, Nellie G. Taylor was appointed by the District Court for the Eleventh Judicial District, Flathead County, as personal representative for the estate of Jack Leslie Taylor. On October 17, 1988, Nellie Taylor filed a complaint in the District Court, alleging that John Neil Honnerlaw "took various items . . . of importance, that belonged to Jack Leslie Taylor, and now should belong to the estate." In particular, Nellie Taylor requested the return of twelve to thirteen guns which Honnerlaw had in his possession and refused to return to the estate. Honnerlaw claimed that these guns were given to him as a gift by the now-deceased Jack Leslie Taylor.

On March 14, 1989, Nellie Taylor filed a motion for summary judgment under Rule 56, M.R.Civ.P., arguing that no issue of fact

existed and that as a matter of law Jack Taylor did not give the guns to Honnerlaw as a gift. The District Court granted Nellie Taylor's motion for summary judgment, stating that Honnerlaw failed to submit an opposing affidavit that would raise any issue of fact. On June 16, 1989, Honnerlaw filed a "motion for reconsideration." The District Court denied Honnerlaw's motion on July 21, 1989.

The first issue raised on appeal is whether the District Court erred in granting Nellie Taylor's motion for summary judgment.

This issue is not properly before this Court. The notice of entry of judgment granting summary judgment to Nellie Taylor was filed June 2, 1989. Honnerlaw had thirty days from this date to file a notice of appeal. Rule 5(a)(1), M.R.App.P. Honnerlaw's notice of appeal, however, was not filed until August 7, 1989. We therefore do not have jurisdiction to entertain this issue on appeal.

The second issue raised on appeal is whether the District Court erred in denying Honnerlaw's "motion for reconsideration."

In Honnerlaw's "motion for reconsideration," filed June 16, 1989, Honnerlaw argues that he did not understand that he had to present affidavits to oppose the motion for summary judgment. He therefore filed an affidavit from John B. Dudis along with his June 16, 1989 motion. The affidavit stated that Jack Taylor "was desirous of making certain gifts or bequests to Mr. Honnerlaw and others, and left me with the impression that he would be doing so." The District Court denied Honnerlaw's June 16, 1989 motion on July 21, 1989, stating that Honnerlaw failed to submit an affidavit in

3

support of his position and furthermore he failed to comply with the provisions of Rule 60, M.R.Civ.P., in seeking relief from a summary judgment.

A motion for reconsideration is not a post-judgment motion allowed by the Montana Rules of Civil Procedure. Anderson v. Bashey (Mont. 1990), 787 P.2d 304, 305, 47 St.Rep. 200, 202. Honnerlaw based his "motion for reconsideration" on the fact that he did not understand that he had to submit an affidavit to oppose a motion for summary judgment. We are unable to equate Honnerlaw's motion based on his lack of understanding of the Montana Rules of Civil Procedure with any post-judgment motion allowed under these rules. We therefore hold that the District Court did not err in denying Honnerlaw's June 16, 1989 motion.

In consideration of Honnerlaw appearing pro se throughout the majority of the proceedings, however, we also note that Dudis's affidavit is still not sufficient to prove that Jack Taylor intended to give Honnerlaw his guns. The affidavit stated that Jack Taylor "was desirous of making certain gifts or bequests to Mr. Honnerlaw and others, and left me with the impression that he would be doing so." The affidavit therefore merely indicated that Jack Taylor would be making certain gifts or bequests, but had not yet done so. In addition, the affidavit does not state that these gifts would be the guns.

Affirmed.

_____
Justice

4

We concur:

_John Conway Harrison_

_William E Hunter_

_Fred J Weber_

_R. C. McDonough_

Justices