**Abdullah R. BEYAH (aka) Carl A. Anderson, Plaintiff,**

v.

**James P. MURPHY, Warden Green Bay Correctional Institution, Defendant.**

No. 93–C–360.

United States District Court, E.D. Wisconsin.

June 7, 1993.

Abdullah R. Beyah, pro se.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Abdullah R. Beyah, currently incarcerated at the Green Bay Correctional Institution, recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By decision and order dated April 29, 1993, I denied Mr. Beyah leave to proceed in forma pauperis and dismissed his habeas corpus petition, without prejudice. I did so because he did not "clearly set forth grounds [in his habeas corpus petition] that 'he is in custody in violation of the Constitution or law or treaties of the United States,' and, more importantly, ha[d] not demonstrated that he ha[d] exhausted his available state court remedies." On April 29, 1993, the court also issued a judgment, pursuant to Rule 58, Federal Rules of Civil Procedure, dismissing, without prejudice, Mr. Beyah's petition for habeas corpus relief.

On May 12, 1993, Mr. Beyah filed a "Motion for Reconsideration." The court will construe his motion as a motion to alter or amend a judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, since his motion was filed within ten days after the entry of judgment. *See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992) ("'all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59'") (citing *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986)). Mr. Beyah filed his motion nine days after my April 29, 1993, decision and order dismissing his habeas corpus petition. *See* Rule 6(a), Federal Rules of Federal Procedure ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded" in "computing any period of time prescribed or allowed by these rules").

The court of appeals for the seventh circuit has determined that a motion for reconsideration is appropriate when:

[T]he court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission on the issue to the court. Such problems rarely arise and motions to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted). Furthermore, under Rule 59(e), Federal Rules of Civil Procedure, a court may alter or amend a judgment if the movant "clearly establish[es] either a manifest error of law or fact" or "present[s] newly discovered evidence." *Federal Deposit Insurance Corporation v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). A motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Id.* at 1268.

In his motion, Mr. Beyah simply recites a litany of case law supporting the right

of criminal defendants to appointed appellate counsel on appeal without addressing the principal reason for the dismissal of his habeas corpus petition, namely, his failure to exhaust state court remedies. As noted in my April 29, 1993, decision and order, Mr. Beyah presently *has* appointed appellate counsel, and there is nothing more this court can do for Mr. Beyah until he exhausts his state court remedies. In my opinion, Mr. Beyah has failed to demonstrate the existence of a manifest error of law or fact or the existence of new evidence entitling him to relief under Rule 59(e), Federal Rules of Civil Procedure.

ORDER

Therefore, IT IS ORDERED that Mr. Beyah's motion for reconsideration, construed as a motion to alter or amend a judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, be and hereby is denied.