JUSTICE GRAY,
specially concurring.
I undertake the unusual step of specially concurring in the Court’s opinion, which I authored and with which I agree entirely, to bring to the attention of practitioners an issue which arose sua sponte during our consideration of this case. The issue is whether Jeffrey’s cross-appeal was timely, and it arose in such an unusual fashion because it relates to whether the cross-appeal was properly before us. Under well-established principles, if an appeal is not timely, we do not acquire jurisdiction to entertain and determine it. Anderson v. Bashey (1990), 241 Mont. 252, 255, 787 P.2d 304, 306 (citation omitted).
Since this Court has never addressed the precise issue raised by the procedural facts of this case, and because case authority on the issue is nearly nonexistent, we properly decided not to resolve the issue in the context of this case where it might have appeared to disadvantage Jeffrey. I raise it now to alert counsel to the importance of time limits in taking an appeal and to the potential difficulty which could arise in that regard where procedural facts are, as in this case, out of the ordinary.
Jeffrey’s amended notice of cross-appeal states that he appeals from the District Court’s findings, conclusions and order dated August 30, 1994, from its order granting his Rule 59 motion filed November 4, 1994, and from its order nunc pro tunc entered November 14, 1994. The only error he argues on appeal, however, relates to the District Court’s August 30, 1994, determinations regarding visitation-related transportation expenses.
The District Court entered its findings, conclusions and order on Julia and Jeffrey’s motions to modify child support and other provisions of the original decree and for determination of transportation costs owed on August 30, 1994, and notice of entry was served on September 2, 1994. Thereafter, Jeffrey filed a motion to amend pursuant to Rule 59(g), M.R.Civ.P. As discussed in issue two of our opinion, the District Court timely ruled on Jeffrey’s motion and its order was filed November 4, 1994. At Jeffrey’s request, the court subsequently entered an order nunc pro tunc on November 14, 1994.
Jeffrey filed his “Notice of Cross Appeal” and two amended notices on February 23, February 27, and March 1, 1995, respectively. The record is clear that Jeffrey did not file any earlier notice of appeal from the court’s August, October and November of 1994 orders; he *327 waited until after the deemed denial of Julia’s Rule 60(b), M.R.Civ.P., motion and, indeed, until after Julia’s notice of appeal, to file his notice of cross-appeal.
In civil cases, a notice of appeal generally must be filed within 30 days from the date of entry of the judgment or order appealed from or, where service of notice of entry of the judgment or order is required by Rule 77(d), M.R.Civ.P., within 30 days from that service. Rule 5(a)(1), M.R.App.P. Here, service of notice of entry of the District Court’s August 30, 1994, order, from which Jeffrey attempts to appeal, was required by Rule 77(d), M.R.Civ.P., and was timely made on September 2, 1994. Applying Rule 5(a)(1), M.R.App.P., Jeffrey had 30 days thereafter to file a notice of appeal. While he failed to do so, he did file a timely Rule 59(g), M.R.Civ.P., motion to amend.
Rule 5(a)(4), M.R.App.P., separately addresses the running of the 30 days during which an appeal may be taken in instances where a party files a timely Rule 59, M.R.Civ.P., motion to alter or amend. In such a case, the 30-day appeal time runs from the entry of the court’s order granting or denying the motion or, where applicable, from the deemed denial of the motion upon expiration of the 45-day period established by Rule 59(d), M.R.Civ.P. Rule 5(a)(4), M.R.App.P. The effect of Rule 5(a)(4), M.R.App.P., is to suspend the running of the appeal time under Rule 5(a)(1) pending either the district court’s timely determination of a timely filed Rule 59 motion or the denial of such a motion by operation of law. See Marvel, 616 P.2d at 382.
Here, the District Court ruled on Jeffrey’s timely Rule 59(g) motion on October 31 and entered its amending order on November 4, 1994. Applying the 30-day appeal period contained Rule 5(a)(4), M.R.App.P., to that date, the period during which Jeffrey could file a timely notice of appeal would expire on or about December 4, 1994. Jeffrey did not file a notice of appeal within that time period or, indeed, until February 23, 1995. With regard to Jeffrey’s attempt to appeal from the court’s November 14, 1994, order nunc pro tunc, Rule 5(a)(4), M.R.App.P., does not provide a separate time period for appealing from an order nunc pro time entered subsequent to an order on a Rule 59(g), M.R.Civ.P., motion to amend.
Rule 5(a)(3), M.R.App.P., allows a party to file a notice of cross-appeal within 14 days after the date on which the appealing party timely files a notice of appeal. Here, Jeffrey’s notice of cross-appeal was filed within 14 days of Julia’s February 15, 1995, notice of appeal.
We concluded in issue one of our opinion that Julia’s appeal from the deemed denial of her Rule 60(b), M.R.Civ.P., motion to set aside *328 was timely. The issue raised, but not resolved, here is whether that conclusion mandates a corresponding conclusion that Jeffrey’s notice of cross-appeal was timely pursuant to Rule 5(a)(3), M.R.App.P., where Jeffrey’s appeal related not to the denial of Julia’s motion to set aside but to the earlier, and underlying, orders entered by the District Court. Stated differently, where no timely appeal was taken from the earlier orders, and Rule 60(b), M.R.Civ.P., provides that motions thereunder do not affect the finality of a judgment, can a party in Jeffrey’s position “bootstrap” into a timely appeal of the earlier orders by relying on the later appeal date from the denial of another party’s Rule 60(b) motion which is available to that party under Rule 60(c), M.R.Civ.P., and Rule 5, M.R.App.P.?
We do not resolve this question, and properly so. However, counsel should be aware of this potential trap for the unwary in deciding when to file an appeal or cross-appeal in circumstances similar to those presented in this case.