**STEPHEN NELSON, individually and as Personal Representative of the Estate of Trina Falcon Nelson, deceased, Plaintiff and Appellant,**

**v.**

**MARK DRISCOLL and BUTTE-SILVER BOW COUNTY, a political subdivision of the State of Montana, Defendants and Respondents.**

No. 97-222.
Ordered November 7, 1997.
54 St.Rep. 1190.
285 Mont. 355.
948 P.2d 256.

## OPINION AND ORDER

Plaintiff Stephen Nelson (Stephen) appealed an order of the District Court for the Second Judicial District, Silver Bow County, denying his motion for reconsideration. Defendants Mark Driscoll and Butte-Silver Bow County (Driscoll or collectively the County) filed a motion to dismiss the appeal on the basis that the Notice of Appeal was not timely filed.

### Background

In the early morning hours of February 2, 1995, Stephen and his wife Trina were out drinking at a local casino. Around closing time, Trina tried to drive herself and Stephen home in their car. The roads were very icy and the car fishtailed going around a corner. Driscoll, a law enforcement officer with Butte-Silver Bow County, stopped the car. Trina admitted that she had been drinking, but because she did

not appear intoxicated or exhibit any of the usual symptoms or behaviors of intoxication, Driscoll concluded that he had no probable cause to arrest her for DUI. Due to the fact that both Trina and Stephen had been drinking and because of the condition of the roads, Driscoll told them to park the car. Trina refused Driscoll's offer of a ride home insisting that she would call a friend.

Trina began walking home while Stephen hung around the car. After realizing that Driscoll was keeping an eye on the car to prevent them from driving off, Stephen decided to walk home as well. Two witnesses observed Trina as she was walking and recounted later that she appeared to be having no problems in that respect. Within half an hour, Trina was struck and killed by a motorist. Both Trina's and the motorist's blood alcohol levels were determined to be well over .20.

Stephen sued the County alleging negligence and violation of 42 U.S.C. § 1983 in connection with Trina's death. After discovery, cross motions for summary judgment were filed. The parties agreed that there were no material facts in dispute, but each argued those facts to a different legal conclusion as regards liability.

The County argued on the basis of Montana case law that it had no duty to Trina because there was no probable cause to arrest; that there was no "special duty" because there was no special relationship between Driscoll and Trina; and that Driscoll had the benefit of the defense of qualified immunity. It also argued that there was no basis for the § 1983 action because Trina had not been deprived of any constitutional right, privilege or immunity and, on the basis of *DeShaney v. Winnebago Cty. Soc. Servs. Dept.* (1989), 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249, the Fourteenth Amendment does not require the State to protect life, liberty and property of its citizens against private actors, absent a special relationship.

Stephen argued that the County had a statutory and special duty under § 53-24-303, MCA(1993), and a common law duty to protect Trina under the same Montana cases cited by the County and that if, in fact, there was found to be no duty (and hence no negligence) then the § 1983 action was viable because if Driscoll had no probable cause to arrest Trina for DUI, then he had no authority to "seize" her vehicle by telling her to park it. Hence Trina's constitutional right to be free from unlawful seizures under the Fourth Amendment was violated.

The District Court granted summary judgment to the County concluding that the County did not owe a duty of care to Trina; that § 53-24-303, MCA, was inapplicable; that the § 1983 action would not

lie because neither Trina nor Stephen were deprived of any constitutional right; and that Fourteenth Amendment due process was not implicated. The court cited *DeShaney*, for this latter conclusion. Judgment was entered on January 21, 1997, and Notice of Entry of Judgment was filed and served the following day. On January 30, 1997, Stephen moved for reconsideration based on *Kneipp v. Tedder* (3d Cir. 1996), 95 F.3d 1199. In *Kneipp*, the Third Circuit Court of Appeals adopted the "state-created danger" theory as supporting a § 1983 action, this theory having been alluded to in *DeShaney*.

In his motion for reconsideration, Stephen contended that,

[s]ummary judgment ... may have been inappropriate for the reasons that the defendants' conduct may have constituted a state created danger which is a viable mechanism for establishing a constitutional violation under civil rights law. Therefore, material questions of fact exist which would preclude summary judgment and warrant the determination by a jury.

In his brief in support of the motion, Stephen argued the four-part analysis set forth in *Kneipp*. The County objected to the motion contending that Stephen had set out nothing new in the way of facts or law.

On March 3, 1997, the District Court denied Stephen's motion for reconsideration on the basis that factual differences existed between the case at bar and *Kneipp*. Stephen filed his Notice of Appeal on April 3, 1997. The County moved to dismiss the appeal on April 29, 1997, on the basis that Stephen's Notice of Appeal was not timely filed. Thus, the question before this Court is whether Stephen's Notice of Appeal was filed in a timely manner.

### Discussion

At the time Stephen filed his motion for reconsideration and his subsequent Notice of Appeal, Rule 5(a), M.R.App.P., provided in pertinent part:

(1) In civil cases the notice of appeal required by Rule 4 shall be filed with the clerk of the district court within 30 days from the date of the entry of the judgment or order appealed from, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment; but if the State of Montana, or any political subdivision thereof, or an officer or agency thereof is a party the notice of appeal shall be filed within 60 days from the entry of the judgment

or order or 60 days from the service of notice of the entry of judgment. ...

...

(4) If a timely motion under the Montana Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

...

Since Butte-Silver Bow County is a political subdivision of the State of Montana, Stephen's Notice of Appeal must have been filed within 60 days from the entry of the judgment or order, 60 days from the service of the Notice of Entry of Judgment or 60 days from the grant or denial of one of the motions set out in Rule 5(a)(4), M.R.App.P.

In its motion to dismiss the appeal, the County contends that since a motion for reconsideration is not one of the motions referred to in Rule 5(a)(4) that would toll the time for filing of the appeal under Rule 5(a)(1), Stephen's Notice of Appeal was not timely since it was filed more than 60 days after the Notice of Entry of Judgment. Stephen, on the other hand, contends that his Notice of Appeal was timely because his motion was, in substance, a motion to alter or amend the judgment, which, under Rule 5(a)(4), does toll the time for filing a notice of appeal under Rule 5(a)(1).

We have previously stated that a motion for reconsideration is not one of the motions referred to in Rule 5(a)(4), and that, in fact, a motion for reconsideration is not one of the post-judgment motions provided for, or authorized, by the Montana Rules of Civil Procedure. *Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 11, 926 P.2d 1364, 1370; *Taylor v. Honnerlaw* (1990), 242 Mont. 365, 367, 790 P.2d 996, 997-98; *Anderson v. Bashey* (1990), 241 Mont. 252, 254, 787 P.2d 304, 305. Furthermore, a motion for reconsideration will not be equated to a Rule 59(g) motion to alter or amend a judgment unless the substance of the motion constructively requests the court to alter or amend the judgment. *Haugen*, 926 P.2d at 1370 (citing *Miller v. Herbert* (1995), 272 Mont. 132, 135-36, 900 P.2d 273, 275).

Since they are not provided for in the rules of civil or appellate procedure, motions for reconsideration present a procedural trap for

the unwary and a grave risk that an otherwise meritorious appeal will be dismissed on the sort of technical jurisdictional grounds that the County argues for here. Our prior warnings to the bar regarding this potential minefield have been largely ignored. Counsel continue to file motions for reconsideration simply assuming that such motions will fall within the provisions of Rule 59 (or in some cases Rules 50 or 52), M.R.Civ.P. That can be a dangerous and sometimes fatal assumption, indeed.

We have not heretofore set out any criteria by which to judge whether a motion for reconsideration is, in substance, a motion to alter or amend—it being our hope that counsel would simply discontinue the risky practice of filing such motions. Since it appears that is not to be the case, we conclude that it is appropriate that we now adopt criteria under which to evaluate motions for reconsideration in order to provide some future guidance to the bar with regard to this matter. The criteria which we adopt here are prospective, however. These criteria will apply to any motion to reconsider filed on or after the date of this decision.

In the future, in determining whether a motion designated as one for reconsideration is in substance a motion to alter or amend the judgment under Rule 59 which thereby tolls the time for filing a notice of appeal, we will first evaluate the motion to determine if the arguments advanced are consistent with the relief authorized by Rule 59. While Rule 59 does not identify any specific grounds supporting a motion to alter or amend a judgment, commentators have identified four subject areas where parties have successfully pursued such a motion. These four areas include motions which are filed: 1) to correct manifest errors of law or fact upon which the judgment was based; 2) to raise newly discovered or previously unavailable evidence; 3) to prevent manifest injustice resulting from, among other things, serious misconduct of counsel; or 4) to bring to the court's attention an intervening change in controlling law. 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (1995). Accordingly, where a motion designated as one for reconsideration substantively addresses one of these four areas and the arguments advanced are consistent with that, we are more likely to conclude that the motion is actually a motion to alter or amend judgment.

Conversely, various federal cases interpreting the federal counterpart to Montana's Rule 59 provide guidance as to what a motion to alter or amend is not. A motion to alter or amend is "not intended

merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories." *Diebitz v. Arreola* (E.D.Wis. 1993), 834 F.Supp. 298, 302. A motion to alter or amend should not present arguments which the court has already considered and rejected. *Fuller v. M.G. Jewelry* (9th Cir. 1991), 950 F.2d 1437, 1442. A motion to alter or amend "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Beyah v. Murphy* (E.D.Wis. 1993), 825 F.Supp. 213, 214; *F.D.I.C. v. World University Inc.* (1st Cir. 1992), 978 F.2d 10, 16. A motion made pursuant to Rule 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. Dept. Of Agr.* (D.Minn. 1993), 838 F.Supp. 1346, 1348. Accordingly, where a motion designated as one for reconsideration seeks to accomplish one or more of the matters referred to in this paragraph, we are more likely to conclude that it is not substantively a motion to alter or amend, but, rather, is in fact a motion for reconsideration.

█ Since our decision here is prospective, however, we will not apply these criteria to Stephen's motion to reconsider. Stephen argues that his motion, designated as one for reconsideration, was substantively a motion to alter or amend judgment because at the time he filed his motion for summary judgment, he did not have the benefit of the Circuit Court's decision in *Kneipp* and that, as a result, the trial court erred as a matter of law in not considering and ruling on the basis of the holding in that case. Stephen contends that his motion was filed to allow the court to alter or amend its judgment to correct its mistake of law. Stephen's argument is only marginally persuasive. Nonetheless, since we have not heretofore articulated any standards by which to judge motions for reconsideration and in order to avoid the harsh penalty of dismissing Stephen's appeal on this technical point, we conclude that it is appropriate that we give Stephen the benefit of the doubt in this case.

Accordingly, we hold that Stephen's motion for reconsideration is, in substance, a motion to alter or amend the judgment and that, thus, the time for filing the Notice of Appeal was tolled. Stephen filed his Notice of Appeal on April 3, 1997, 31 days from the date his motion was denied and well within the 60-day time limit. Therefore,

IT IS ORDERED, that the County's motion to dismiss be and the same is, hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record and to the Hon. James E. Purcell, District Judge, presiding.

DATED this 7th day of November, 1997.

CHIEF JUSTICE TURNAGE, JUSTICES NELSON, GRAY, LEAPHART and REGNIER concur.

JUSTICE TRIEWEILER concurring.

I concur with the majority's order which denies the respondents' motion to dismiss the appeal. I do not agree with all that is said in the opinion preceding the order.

Specifically, I disagree with the adoption of criteria for the determination of whether a motion for reconsideration is, in substance, a motion to alter or amend. I believe the adoption of more criteria simply further complicates an area of procedural law already rife with traps which preclude resolution of disputes based on their merits. Furthermore, assuming the criteria adopted by the majority were applicable to this case, I would conclude that, based on the first criteria, Nelson's motion was, in substance, a Rule 59 motion.

JUSTICE HUNT joins in the foregoing concurrence.