No. 00-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 15N

IN RE THE MARRIAGE OF

KATHY R. DUMMER,

Petitioner and Respondent,

and

JOSEPH F. NASCIMENTO,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph F. Nascimento, Attorney at Law, *Pro Se*, Las Vegas, Nevada

For Respondent:

Robyn Weber, Attorney at Law, Helena, Montana

Submitted on Briefs: February 1, 2001
Decided: February 15, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The marriage of the parties was dissolved in the First Judicial District Court, Lewis and Clark County, in 1993. On June 19, 2000, Joseph F. Nascimento filed a notice of appeal from two post-dissolution orders: a November 3, 1999, "Order on emergency interim parenting plan and temporary restraining order," and an April 19, 2000 order denying Nascimento's request to have the presiding judge in this matter disqualified for cause pursuant to § 3-1-805, MCA. We conclude we have no jurisdiction to consider the appeal of the November 3, 1999 order and we affirm the April 19, 2000 order.

¶3 Rule 5, M.R.App.P., provides that a notice of appeal in a civil case must be filed with the clerk of the district court within 30 days from the date of the judgment or order appealed from. Time limits for filing an appeal are mandatory and jurisdictional. An appellant has a duty to perfect an appeal in the manner and within the time limits provided by law; absent such compliance, this Court does not acquire jurisdiction to entertain and determine the appeal. *Anderson v. Bashey* (1990), 241 Mont. 252, 255, 787 P.2d 304, 305-06.

¶4 Under the record and argument here presented, the time for appeal had long since expired as to the November 3, 1999 order when Nascimento filed his June 19, 2000 notice of appeal. As a result, we conclude we lack jurisdiction to decide the issues Nascimento raises as to the November 3, 1999 order.

¶5 Nascimento's sole remaining issue on appeal is whether his request to disqualify Judge Dorothy McCarter for bias was properly denied. Nascimento states in his notice of appeal that he was not served with a copy of the order denying that request until June 2, 2000, and nothing in the record contradicts that statement. Therefore, it appears the notice of appeal was timely filed as to that order.

¶6 When a motion to disqualify a district judge is denied on the basis that statutory requirements for such a motion were not met, the denial is a legal question we review for correctness. *Dambrowski v. Champion Intern. Corp.*, 2000 MT 149, ¶ 51, 300 Mont. 76, ¶ 51, 3 P.3d 617, ¶ 51. Section 3-1-805(1)(a), MCA, requires an affidavit to disqualify a district judge for cause to be filed more than 30 days before a date set for hearing or trial. The Honorable John W. Whelan, who presided over the disqualification hearing in this matter, found that Nascimento's motion to disqualify Judge McCarter was filed one day before a scheduled hearing in this case. The record supports that finding. In addition, an affidavit in support of a motion for disqualification for cause must be accompanied by a certificate of counsel of record that the affidavit has been made in good faith. Section 3-1-805(1)(b), MCA. Nascimento, a licensed attorney who appeared on his own behalf in this matter, filed no such certificate of good faith in support of his affidavit for disqualification. Finally, Judge Whelan found that nothing in the record or presented in oral argument indicated that Judge McCarter was prejudiced or biased against Nascimento. The record and the transcript of the disqualification hearing support that finding as well. For these reasons, we hold that Judge Whelan correctly denied Nascimento's motion to disqualify Judge McCarter for cause.

¶7 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER
