No. 05-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 148

ABC COLLECTORS, INC.,

       Plaintiff and Respondent,

  v.

KATHY BIRNEL and KENNETH BIRNEL,

       Defendants, Third-Party Plaintiffs and Respondents,

  v.

WESTERN MUTUAL INSURANCE,

       Third-Party Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh  Judicial District,
                    In and For the County of Flathead, Cause No. DV-04-852A
                    Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Todd A. Hammer, Bryce R. Floch; Hammer, Hewitt & Jacobs, PPLC
              Kalispell, Montana

       For Respondents:

              Daniel H. Hileman; Kaufman, Vidal, Hileman & Ramlow,
              Kalispell, Montana

                         Submitted on Briefs:  May 2, 2006

                                    Decided:  July 5, 2006

Filed:

                           _____
                                      Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      In the underlying collection action against Kathy and Kenneth Birnel (Birnels), the Birnels brought a third-party complaint against Western Mutual Insurance (WMI). The Eleventh Judicial District Court, Flathead County, entered a default judgment against WMI and subsequently set the default judgment aside. The Birnels moved for reconsideration and then filed a notice of appeal from the order setting aside the default judgment. The court granted the Birnels' motion for reconsideration, affirming its earlier default judgment against WMI. WMI appeals. We reverse and remand.

¶2      The dispositive issue is whether the Birnels' notice of appeal divested the District Court of jurisdiction to rule on their motion for reconsideration.

BACKGROUND

¶3      ABC Collectors, Inc., filed this collection action against the Birnels in late December of 2004, seeking payment of $11,636.81 for medical services provided to Kathy Birnel. In response, the Birnels filed a third-party complaint against WMI, their health insurance carrier. Among other things, the Birnels asserted breach of contract and Montana Unfair Trade Practices Act (UTPA) claims.

¶4      The Birnels served their third-party complaint and summons on the office of the Montana Insurance Commissioner (Commissioner) pursuant to § 33-1-602, MCA. That office sent the third-party complaint to WMI's registered agent on April 7, 2005, but WMI did not timely answer. Pursuant to motion by the Birnels, WMI's default was entered in May

of 2005, followed by the District Court's order of default judgment in early June of 2005.

¶5 On June 13, 2005, WMI moved for an order setting aside the default judgment on grounds the Commissioner had sent the third-party complaint to an old address for WMI's registered agent, instead of the agent's current address. WMI filed documents in support of its motion including a WMI employee's affidavit stating she had provided the updated address to the Commissioner on May 25, 2000; a copy of the employee's letter to the Commission; and a Commissioner employee's affidavit stating that office accepted changes of address for a company's registered agent only upon submission of "Form 1042." On August 1, 2005, the District Court set the default judgment aside and allowed WMI to answer the third-party complaint.

¶6 Almost immediately, the Birnels filed a four-page motion for reconsideration of the order setting aside default judgment. WMI moved to strike the motion for reconsideration as "an improper attempt to get a second bite at the apple." On August 25, 2005, the Birnels filed a notice of appeal from the District Court's order granting WMI's motion to set aside the default judgment. The following day, the District Court granted the Birnels' motion for reconsideration, "affirming" the default judgment. WMI appeals.

## STANDARD OF REVIEW

¶7 Whether a district court has jurisdiction to rule on a matter is a question of law which we review to determine whether the court had authority to act. *Forsythe v. Leydon*, 2004 MT 327, ¶ 5, 324 Mont. 121, ¶ 5, 102 P.3d 25, ¶ 5 (citation omitted).

## DISCUSSION

3

¶8     Did the Birnels' notice of appeal divest the District Court of jurisdiction to rule on their motion for reconsideration?

¶9     WMI relies on *Julian v. Buckley* (1981), 191 Mont. 487, 490, 625 P.2d 526, 528, for the long-established rule that, when a notice of appeal is filed, jurisdiction passes from the trial court and vests in this Court. Consequently, WMI argues, the Birnels' notice of appeal terminated the District Court's jurisdiction over this case and the court erred in ruling on their motion to reconsider its order setting aside the default judgment.

¶10    The Birnels do not dispute that, in the usual situation, the filing of their notice of appeal would have divested the District Court of jurisdiction to rule--the following day--on their motion for reconsideration. They contend, however, that pursuant to Rule 5(a)(4), M.R.App.P., their notice of appeal filed the day before the District Court's order was to be treated as filed after the District Court ruled favorably on their motion for reconsideration.

¶11    Rule 5(a), M.R.App.P., addresses the time for filing notices of appeal in civil cases. The rule provides that, when a timely motion is filed for judgment under Rule 50(b), M.R.Civ.P., to amend or make additional findings under Rule 52(b), M.R.Civ.P., or to alter or amend the judgment or for a new trial under Rule 59, M.R.Civ.P., the time for appeal by all parties begins to run from the time the trial court acts on such a motion or the motion is deemed denied by operation of law. Rule 5(a)(4), M.R.App.P., also states that a notice of appeal filed before the disposition of any of the specified motions is treated as filed after such disposition "and on the date thereof."

¶12    The Birnels contend their motion was "in the nature of" a Rule 59 motion to alter or

4

amend to correct a manifest error of law.  Accordingly, they argue the time for appeal from the trial court's ruling on the motion began thereafter and their notice of appeal also is treated as filed thereafter.  Thus, the issue before us boils down to whether the Birnels' motion for reconsideration was or was not a Rule 59 motion to alter or amend.

¶13     Rule 59, M.R.Civ.P., provides for motions for new trial or amendment of a judgment. Rule 59(g), M.R.Civ.P., specifically addresses motions to alter or amend.

¶14     We have addressed motions for reconsideration in a variety of contexts over the years. In our early cases, we pointed out that a motion for reconsideration is neither provided for nor authorized under the Montana Rules of Civil Procedure.  *See Haugen v. Blaine Bank of Montana* (1996), 279 Mont. 1, 11, 926 P.2d 1364, 1370; *Taylor v. Honnerlaw* (1990), 242 Mont. 365, 367, 790 P.2d 996, 997; *Anderson v. Bashe*y (1990), 241 Mont. 252, 254, 787 P.2d 304, 305.  Therefore, a motion for reconsideration has no effect unless the court equates it to another type of motion which is allowed under the Rules.  *Anderson*, 241 Mont. at 254, 787 P.2d at 305.

¶15     Our leading case on whether a motion designated as one for reconsideration may be construed in substance a motion to alter or amend for Rule 59(g), M.R.Civ.P., purposes is *Nelson v. Driscoll* (1997), 285 Mont. 355, 948 P.2d 256.  There, we stated "motions for reconsideration present a procedural trap for the unwary and a grave risk that an otherwise meritorious appeal will be dismissed on . . . technical jurisdictional grounds[.]" *Nelson*, 285 Mont. at 359-60, 948 P.2d at 259.  Having been forced to recognize that our previous cases had not produced the hoped-for result of counsel simply discontinuing the risky practice of

filing such motions, we finally adopted criteria under which to evaluate motions for reconsideration. We stated that, in determining whether a "motion for reconsideration" is in substance a Rule 59 motion to alter or amend, we will look to whether one of four bases--one of which is to correct manifest errors of law or fact--are raised and, if so, we would be more likely to conclude the motion is actually a motion to alter or amend judgment. *Nelson*, 285 Mont. at 360, 948 P.2d at 259. We also provided guidance regarding what a motion to alter or amend is not. A motion to alter or amend is "not intended to relitigate old matters[;]" nor should it present arguments which the court has already considered and rejected. *Nelson*, 285 Mont. at 360-61, 948 P.2d at 259 (citations omitted).

¶16    In *Carr v. Bett*, 1998 MT 266, 291 Mont. 326, 970 P.2d 1017, we considered the reverse situation from that in *Nelson*: whether a post-trial motion designated as a motion to alter or amend should be evaluated to determine whether it is properly designated a motion for reconsideration. We rejected the argument for that approach. We held that when a party has identified and titled a motion as one to alter or amend pursuant to Rule 59(g), M.R.Civ.P., we will not analyze the substance of the motion to determine whether it falls under the definition of a motion to alter or amend. *Carr*, 291 Mont. at 334, 970 P.2d at 1021.

¶17    Notwithstanding their argument on appeal, the Birnels' motion for reconsideration failed to refer at all to Rule 59, M.R.Civ.P. Nor did it discuss a "manifest error of law." Instead, the Birnels' motion for reconsideration merely restated their argument that WMI had not established the excusable neglect necessary to set aside a default judgment.

¶18    We conclude the Birnels' motion for reconsideration was not in the nature of a Rule

59(g), M.R.Civ.P., motion to alter or amend the judgment. The motion was precisely what it purported to be--a motion for reconsideration not authorized by Montana civil procedure rules. *See Nelson*, 285 Mont. at 359, 948 P.2d at 258 (citation omitted). It merely regurgitated arguments the District Court had already considered and rejected.

¶19   Consequently, we further conclude that the Birnels' notice of appeal divested the District Court of jurisdiction to rule on their motion for reconsideration.

¶20   Reversed and remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS