No. DA 06-0457

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 181

_____

TAMMY LEE HORTON,                    )
                                     )
          Petitioner and Appellant,  )          O P I N I O N
                                     )
     v.                              )          A N D
                                     )
ROBERT D. HORTON,                    )          O R D E R
                                     )
          Respondent and Respondent. )

_____

¶1   Tammy Horton appeals the "Findings of Fact, Conclusions of Law, and Order Regarding Reassessment of Gift Value" of the District Court for the Twentieth Judicial District, Sanders County.  We dismiss her appeal with prejudice to the merits for failure to timely file a notice of appeal under M. R. App. P. 5(a)(4).

**Factual and Procedural Background**

¶2   Tammy was the petitioner in an action to dissolve her marriage to Robert Horton. This Court previously considered that action in *In re Marriage of Horton*, 2004 MT 353, 324 Mont. 382, 102 P.3d 1276 (*Horton I*).  In *Horton I,* we held that the District Court correctly concluded that Tammy's father had made a gift to her of labor and materials in the construction of the family home.  However, we reversed the District Court's valuation of that gift at $80,000.00, and remanded for reassessment of the value of the gift and redistribution of the marital estate.  *Horton I*, ¶ 21.  On remand, after pleadings and hearings, the District

1

Court determined that the value of the gift was $40,000.00. The court entered its "Findings of Fact, Conclusions of Law, and Order Regarding Reassessment of Gift Value" to that effect on July 20, 2005.

¶3 On August 4, 2005, Tammy filed a motion asking the District Court to amend its Order and determine that the true value of Tammy's father's gift was $131,233.27. Although Tammy entitled her motion "Petitioner's Motion for Reconsideration of Findings of Fact, of Valuation of Gift, and Brief in Support of Motion," she specifically asked the court to "amend" its Order "pursuant to Rule 59(g) of the Montana Rules of Civil Procedure." The District Court denied Tammy's motion on October 3, 2005. On December 23, 2005, the District Court entered its Judgment ordering Tammy to pay Robert $20,000.00 to equalize the marital estate.

¶4 On April 24, 2006, Tammy filed her Notice of Appeal with the District Court noting that she was appealing that court's July 20, 2005 "Findings of Fact, Conclusions of Law, and Order Regarding Reassessment of Gift Value" and the court's December 23, 2005 Judgment. In her Notice of Appeal, Tammy pointed out that no notice of entry of judgment had ever been filed with the District Court.

**Discussion**

¶5 In his response brief on appeal, Robert argues that Tammy's appeal should be dismissed because Tammy failed to file her Notice of Appeal within the time prescribed by M. R. App. P. 5. Tammy argues, on the other hand, that since a notice of entry of judgment

2

had not been filed, her appeal was timely. While, as a general rule, Tammy would be correct, there are other factors we must consider in this case.

¶6 Under M. R. App. P. 5(a)(1), the time for filing a notice of appeal does not begin to run until service of notice of entry of judgment. However, under M. R. App. P. 5(a)(4), a notice of entry of judgment is not required to begin the running of the time for filing a notice of appeal when a motion has been made under M. R. Civ. P. 50(b), 52(b), or 59. *Haugen v. Blaine Bank of Montana*, 279 Mont. 1, 11, 926 P.2d 1364, 1369 (1996). Instead,

> [w]hen a timely motion under any of these rules is filed in the district court by any party, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion . . . .

*Haugen*, 279 Mont. at 11, 926 P.2d at 1369.

¶7 In the case *sub judice*, Tammy filed what she captioned "Petitioner's Motion for Reconsideration of Findings of Fact, of Valuation of Gift, and Brief in Support of Motion." However, a motion for reconsideration is not one of the post-judgment motions provided for, or authorized by, the Montana Rules of Civil Procedure. *Haugen*, 279 Mont. at 11, 926 P.2d at 1370. If we determine that Tammy's motion is actually a motion to alter or amend judgment under Rule 59(g), then Tammy's Notice of Appeal would be untimely under Rule 5(a)(4) and her appeal should be dismissed.

¶8 We stated in *Haugen* that we would not equate a motion for reconsideration to a motion under Rule 59(g) to alter or amend judgment "unless the substance of the motion constructively requests the court to alter or amend the judgment." *Haugen*, 279 Mont. at 11, 926 P.2d at 1370. In addition, we held in *Carr v. Bett*, 1998 MT 266, ¶ 24, 291 Mont. 326,

3

¶ 24, 970 P.2d 1017, ¶ 24, that when a party has identified and titled a motion as one to alter or amend pursuant to Rule 59(g), we will not analyze the substance of the motion to determine whether it falls under the definition of a motion to alter or amend.

¶9    In this case, although Tammy did not title her motion as one to alter or amend, she specifically asked the District Court to "amend" it's Order "pursuant to Rule 59(g)." Consequently, we conclude that Tammy's motion is for all intents and purposes a motion to alter or amend judgment pursuant to Rule 59(g).

¶10    Tammy argues that her appeal should not be dismissed as Robert is "capitalizing" on the fact that there is nothing that specifically says the prevailing party is required to file a notice of entry of judgment to start the time running in which to file a notice of appeal. While Robert is indeed "capitalizing" on the fact that he failed to file a notice of entry of judgment, said failure to file actually could have worked to Robert's detriment and Tammy certainly would have "capitalized" on Robert's error. As we already stated, in most situations, the time for appeal does not begin to run until the notice of entry of judgment is filed. Without a notice of entry of judgment, Tammy could have filed her Notice of Appeal a year or more after the District Court entered its Order and subsequent Judgment and her appeal would still have been considered timely. The problem here is not with the lack of a notice of entry of judgment, but with Tammy's Rule 59(g) motion and the time limitations for appealing that motion provided by Rule 5(a)(4).

¶11    Moreover, contrary to Tammy's assertions, she need not have and, in this case, because of her Rule 59(g) motion, she should not have waited for Robert to file a notice of

4

entry of judgment before commencing her appeal in this matter. Absent her Rule 59(g) motion, Tammy could have filed a notice of entry of judgment herself or simply filed the Notice of Appeal within the limits prescribed by M. R. App. P. 5. While M. R. Civ. P. 77(d) provides that notice of entry of judgment shall be served "by the prevailing party upon all parties who have made an appearance," it also provides that "any other party may in addition serve a notice of [entry of judgment]." In addition, under M. R. App. P. 5(a)(2), nothing prevented Tammy from filing her Notice of Appeal without a notice of entry of judgment. "A notice of appeal filed after the entry of the order or judgment appealed from but before service of the notice of entry of judgment shall be treated as filed on the date the notice of appeal is filed." M. R. App. P. 5(a)(2).

¶12 Nevertheless, Tammy argues that she should not be subject to Rule 5(a)(4) because she simply wanted the District Court to comply with this Court's directive on remand and explain how it arrived at its valuation of Tammy's father's gift. She argues that she denominated her motion as a "motion for reconsideration" for want of a more precise name and that she only labeled it a Rule 59(g) motion because "[t]here is no motion available in Montana that addresses this kind of situation."

¶13 Tammy asserts that this Court has "a unique opportunity to clear some murky waters for the Montana Bar." She indicates that the bar "requires more guidance than is currently available as to how even the most wary among us should approach a situation" when a District Court fails to follow an opinion and order of this Court on remand. Filing motions that are not provided for under the Montana Rules of Civil Procedure is definitely not the

5

answer. Rather, the simple answer to this question is to appeal the District Court's decision

to this Court and to follow this Court's prior precedent and the Montana Rules of Civil

Procedure as well as the Montana Rules of Appellate Procedure when doing so.

> The rules of civil procedure are not written to secure a tactical advantage to either the plaintiff or the defendant; rather, they are written to regulate the course of litigation, to level the playing field, and to move a lawsuit forward at something more than the glacial speed. The rules are there for both parties to read and to follow. If lawyers choose to conduct their practices in the eleventh hour, then neither they nor their clients should be particularly surprised when, whether through dalliance, neglect or lack of attention to the time limits clearly set forth in the rules, time eventually runs out.

*Haugen*, 279 Mont. at 12, 926 P.2d at 1370 (Nelson, J., specially concurring).

¶14     This Court has handed down numerous decisions wherein we have explained that a

"motion for reconsideration" does not exist under the Montana Rules of Civil Procedure.

*Jones v. Montana University System,* 2007 MT 82, ¶ 13, 337 Mont. 1, ¶ 13, 155 P.3d 1247,

¶ 13; *ABC Collectors, Inc. v. Birnel*, 2006 MT 148, ¶ 14, 332 Mont. 410, ¶ 14, 138 P.3d 802,

¶ 14; *Martz v. Beneficial Montana, Inc.*, 2006 MT 94, ¶ 24, 332 Mont. 93, ¶ 24, 135 P.3d

790, ¶ 24; *Nelson v. Driscoll*, 285 Mont. 355, 359, 948 P.2d 256, 258 (1997); *Shields v.*

*Helena School Dist. No. 1*, 284 Mont. 138, 143, 943 P.2d 999, 1002 (1997); *Haugen*, 279

Mont. at 11, 926 P.2d at 1370; *Taylor v. Honnerlaw*, 242 Mont. 365, 367, 790 P.2d 996,

997-98 (1990); *Anderson v. Bashey*, 241 Mont. 252, 254, 787 P.2d 304, 305 (1990). We

have also handed down numerous decisions explaining when and how a motion wrongly

designated as one for reconsideration would be equated to a motion to alter or amend under

Rule 59(g) and thereby trigger the time limitations for filing a notice of appeal provided by

Rule 5(a)(4). *ABC Collectors,* ¶¶ 14-18; *Carr*, ¶¶ 19-24; *Moody v. Northland Royalty Co.*, 286 Mont. 89, 91-92, 951 P.2d 18, 20 (1997); *Nelson*, 285 Mont. at 359-60, 948 P.2d at 258-59; *Shields*, 284 Mont. at 143-44, 943 P.2d at 1002; *Haugen*, 279 Mont. at 11, 926 P.2d at 1369-70; *Miller v. Herbert*, 272 Mont. 132, 134-36, 900 P.2d 273, 274-75 (1995).

¶15 Based on the foregoing, we hold that Tammy's motion was for all intents and purposes a Rule 59(g) motion to alter or amend and, under Rule 5(a)(4), the time for filing her notice of appeal ran from the date of entry of the District Court's Order denying her motion. On that basis, Tammy had 30 days from October 3, 2005, the date of the District Court's Order denying her motion, in which to file her Notice of Appeal. Tammy, however, did not file her Notice of Appeal until April 24, 2006, more than five months too late. Therefore,

¶16 IT IS ORDERED that Tammy's appeal is DISMISSED WITH PREJUDICE.

¶17 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to all counsel of record and to the District Court.

DATED this 31st day of July, 2007.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

/S/ JIM RICE

7