DA 12-0348

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 65N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DALLAS C. HERMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-01-043(C) and
DC-06-383(A)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Dallas C. Herman (Self-Represented), Atwater, California

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Lori Adams, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  February 6, 2013

Decided:  March 12, 2013

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dallas C. Herman appeals several orders entered by the Eleventh Judicial District Court, Flathead County, denying motions to dispose of his probation violations.  We affirm.

¶3      Herman was sentenced in 2001 to a twenty-year prison term with thirteen years suspended on his plea of guilty to the offense of Conspiracy to Commit Robbery in violation of §§ 45-4-102 and 45-5-401, MCA.  After his release from prison, Herman pleaded guilty in April 2008 to Criminal Possession with Intent to Distribute methamphetamine and the court imposed a consecutive prison term of seven years, with all seven years suspended.  Five months later, the Flathead County Attorney filed petitions in both cases to revoke Herman's suspended sentences and warrants were issued for his arrest.  Before Herman could be arrested on those outstanding warrants, he was arrested in Spokane, Washington, in August 2008 and charged with Possession with Intent to Distribute 50 or more grams of methamphetamine.  On his plea of guilty, he was sentenced in April 2010 to 186 months in federal prison for that offense.

¶4      In January 2011, Herman filed with the District Court a Demand for Speedy Trial and Petition to Dispose of Probation Violation.  Herman contended that, pursuant to

2

§ 46-31-101, MCA, the Interstate Agreement on Detainers (IAD), he was entitled to a speedy resolution of the probation revocation proceedings while he was incarcerated in federal prison for the crimes that constituted violation of the conditions of his suspended sentences.

¶5     On October 5, 2011, the District Court concluded that the IAD "does not apply to probation violations" and, consequently, that Herman's "petition to dispose of probation . . . [is] denied." Herman twice requested that the District Court reconsider its order in motions filed on December 7, 2011, and April 10, 2012. The District Court denied both requests. Herman filed his notice of appeal on June 4, 2012, and now asserts that the District Court's legal conclusion regarding the IAD was incorrect. He also contends that the court erred by denying an argument he raised in his second motion to reconsider its original order.

¶6     The State contends that Herman's appeal is untimely because his motions to reconsider did not toll the time for appeal of the District Court's October 5, 2011 order. The State also argues that the District Court's dismissal of Herman's petition was correct on the merits.

¶7     As the State points out, the Montana Rules of Civil Procedure do not provide for a motion for reconsideration and we have refused to recognize such motions in civil cases "unless the substance of the motion constructively requests the court to alter or amend the judgment" as allowed by M. R. Civ. P. 59. *Horton v. Horton*, 2007 MT 181, ¶ 8, 338 Mont. 236, 165 P.3d 1076 (citation omitted). We have observed, however, that "revocation proceedings are matters over which the original sentencing court in a

criminal case 'retains jurisdiction.'. . . Thus, revocations are a postconviction continuation of criminal cases." *State v. Rogers*, 267 Mont. 190, 193, 883 P.2d 115, 117 (1994) (quoting *State v. Oppelt*, 184 Mont. 48, 52-53, 601 P.2d 394, 397 (1979)).

¶8　Under the Montana Rules of Appellate Procedure, an appeal in a criminal case "must be taken within 60 days after entry of the judgment from which appeal is taken." M. R. App. P. 4(5)(b)(i). Herman filed his notice of appeal 241 days after the District Court entered its judgment on October 5, 2011, but within sixty days from the denial of his second motion to reconsider. Even if Herman's appeal were to be considered timely, we conclude that it lacks merit.

¶9　We have held that an outstanding charge "based on probation or parole violation is not sufficient to be determined an 'untried indictment, information or complaint'" sufficient to trigger the Interstate Agreement on Detainers." *Blakey v. Dist. Ct.*, 232 Mont. 178, 185, 755 P.2d 1380, 1384 (1988) (citing *Carchman v. Nash*, 473 U.S. 716, 105 S. Ct. 3401 (1985); *see also U.S. v. Bottoms*, 755 F.2d 1349 (9th Cir. 1985)). The District Court correctly concluded that the IAD does not apply to probation violations. We decline to consider the issue raised for the first time in Herman's second motion to reconsider, as such motions "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Nelson v. Driscoll*, 285 Mont. 355, 360, 948 P.2d 256, 259 (1997) (citation omitted).

¶10　We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

4

issues in this case are legal and controlled by settled Montana law, which the District Court correctly interpreted.

¶11    Affirmed.

/S/ BETH BAKER

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS