No. 96-530
IN THE SUPREME COURT OF THE STATE OF MONTANA
1997


JERRY SINGLETON, d/b/a SINGLETON TRUCKING,
Plaintiff and Appellant,
v.
L.P. ANDERSON SUPPLY CO., INC.,
Defendant,
CUMMINS POWER, INC.,
Defendant and Respondent,
and
L.P. ANDERSON SUPPLY CO., INC.,
Third-Party Plaintiff,
v.
J.D. SINGLETON,
Third-Party Defendant.



APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Houtz, Attorney at Law, Forsyth, Montana

For Respondents:

Geoffrey R. Keller; Matovich, Addy & Keller;
Billings, Montana (for Respondent Cummins Power, Inc.)
Calvin J. Stacey; Stacey & Walen; Billings, Montana
(for Defendant L.P. Anderson Supply Co., Inc.)



Submitted on Briefs: May 22, 1997
Decided: July 17, 1997
Filed:

_____
Clerk


Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellant, Jerry Singleton, filed a claim for damages in the District Court for

the Sixteenth Judicial District in Custer County in which he alleged that he was damaged by the negligence of the defendants, L.P. Anderson Supply Co., Inc., and Cummins Power, Inc. Cummins filed a motion for summary judgment, which was granted by the District Court. Singleton appeals the order granting summary judgment. We affirm the judgment of the District Court.

The issue on appeal is whether the District Court erred when it granted summary judgment in favor of Cummins Power, Inc.

## FACTUAL BACKGROUND

In 1994, Jerry Singleton, a self-employed trucker and mechanic, decided to overhaul the engine in his Peterbilt truck. He contacted L.P. Anderson Supply Co. and asked Mike Harasymczuk, an Anderson parts salesman, to order a Cummins Power engine overhaul kit. Although Singleton provided Harasymczuk with the Control Parts List (CPL) number, he was unable to provide him with the liner part number because the engine had not yet been dismantled.

Harasymczuk subsequently contacted Jim Bromenshenk, a Cummins parts salesman, and ordered the overhaul kit. After Harasymczuk provided the CPL number, Bromenshenk advised him that the engine could have either standard or oversized liners. Bromenshenk, therefore, asked Harasymczuk to provide the liner part number. Harasymczuk advised him that the liner part number was not available because the engine had not yet been dismantled. After a discussion, Harasymczuk directed Bromenshenk to deliver the overhaul kit with standard liners.

On January 15, 1996, Cummins sent the overhaul kit with standard liners to Anderson. Singleton picked up the kit and installed the parts himself, including the liners. He then started the engine and ran it for approximately ten minutes. The engine in his truck, however, was machined for oversized liners. He heard a squeal and shut off the engine. When he removed the oil pan, he observed water and coolant running out of the bottom of the number four cylinder and into the pan.

Singleton filed a complaint in the District Court in which he alleged that Anderson and Cummins negligently furnished him with incorrect parts and that, as a result, he suffered substantial economic damages. Anderson and Cummins each filed a motion for summary judgment. After a hearing, the District Court granted summary judgment in favor of Cummins.

## STANDARD OF REVIEW

Rule 56(c), M.R.Civ.P., which authorizes summary judgment, provides, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P.

The purpose of summary judgment is to facilitate judicial economy through the elimination of unnecessary trials. However, summary judgment is not a substitute for

trial if a genuine factual controversy exists. Reaves v. Reinbold (1980), 189 Mont. 284, 288, 615 P.2d 896, 898.

This Court reviews an order which grants summary judgment de novo and applies the same criteria as the district court. Fenger v. Flathead County (1996), 277 Mont. 507, 509-10, 922 P.2d 1183, 1184. The party moving for summary judgment has the initial burden of showing the absence of any genuine issue of material fact in light of the substantive principles that entitle that party to judgment as a matter of law. Cecil v. Cardinal Drilling Co. (1990), 244 Mont. 405, 409, 797 P.2d 232, 234.

After the moving party has met its burden, the burden then shifts to the party opposing the motion to establish the existence of a genuine issue of material fact. Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 104. The party opposing the motion must present facts of a substantial nature showing that genuine issues of material fact remain for trial. Wangen v. Kecskes (1993), 256 Mont. 165, 172, 845 P.2d 721, 726.

Ordinarily, negligence actions involve factual issues which make summary judgment inappropriate. Brohman v. State (1988), 230 Mont. 198, 201, 749 P.2d 67, 69. However, if a plaintiff fails to offer proof of any one of the elements of negligence (duty, breach, causation, and damages), then summary judgment in favor of the defendant is proper. Wiley v. City of Glendive (1995), 272 Mont. 213, 216, 900 P.2d 310, 312; Pappas v. Midwest Motor Express, Inc. (1994), 268 Mont. 347, 350, 886 P.2d 918, 920; White v. Murdock (1994), 265 Mont. 386, 389-90, 877 P.2d 474, 476.

Additionally, if a district court reaches the correct result, then we will uphold the court's judgment regardless of the reason(s) for its decision. Robinson v. First Wyoming Bank (1995), 274 Mont. 307, 319, 909 P.2d 689, 696.

                    DISCUSSION

Did the District Court err when it granted summary judgment in favor of Cummins Power, Inc.?

In this case, Anderson and Cummins each filed a motion for summary judgment. After a hearing, the District Court made the following conclusions:

> The existence of a duty . . . is a question of law to be determined by the Court. Yager v. Deane, 258 Mt 453, 853 P.2d. 1214 (1993). Based on the undisputed facts . . . the Court finds that a duty was owed from Cummins only to [Anderson], which was met when Cummins informed [Anderson] of the two possible liner sizes and provided [Anderson] with the specific kit ordered by [Anderson]. However, there existed no duty from Cummins to [Singleton], since [Singleton] had no direct contact with Cummins when ordering or installing the kit. In fact, Cummins had no knowledge that [Singleton] was [Anderson's] customer, or that it was [Singleton's] engine being overhauled.

On that basis, the District Court granted summary judgment in favor of Cummins.

On appeal, Singleton contends that Cummins owed him a duty of care and that

there are genuine issues of material fact which preclude summary judgment. On that basis, he claims that the District Court erred when it granted summary judgment in favor of Cummins.

In Montana, "[t]he existence of a duty of care depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against the imposition of liability." Maguire v. Department of Institutions (1992), 254 Mont. 178, 189, 835 P.2d 755, 762. Moreover, the relevant policy considerations include the following: (1) the moral blame attached to a defendant's conduct; (2) the prevention of future harm; (3) the extent of the burden placed on the defendant; (4) the consequences to the public of imposing such a duty; and (5) the availability and cost of insurance for the risk involved. Phillips v. City of Billings (1988), 233 Mont. 249, 253, 758 P.2d 772, 775.

In this case, Singleton alleges that Cummins and Anderson negligently furnished him with incorrect parts and that, as a result, he suffered substantial economic damages. While we conclude that Cummins did, in fact, owe Singleton a duty of care, Singleton must also offer sufficient proof that that duty was breached.

The record establishes that Mike Harasymczuk, an Anderson parts salesman, ordered an overhaul kit with standard liners and that that is exactly what Cummins sent to Anderson. Moreover, despite Cummins' request, Harasymczuk did not provide Cummins with the liner part number. He provided Cummins with only the engine's CPL number. Additionally, Cummins did not deal directly with Singleton, was unaware that Singleton was the ultimate customer, and had no specific knowledge of the engine being overhauled. We, therefore, conclude that, based on the facts in this case, Cummins neither knew nor should have known that oversized liners were required, and that Cummins satisfied its duty when it delivered to Anderson the exact engine overhaul kit which was specifically requested.

On that basis, we conclude that Cummins did not breach its duty of care and, therefore, that Singleton failed to prove a necessary element of his negligence claim. Accordingly, we hold that the District Court did not err when it granted summary judgment in favor of Cummins Power, Inc. The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.

/S/  W. WILLIAM LEAPHART