No. 00-009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 98

DENISE JACOBS and LENNA COATES,

Plaintiffs and Appellants,

v.

LAUREL VOLUNTEER FIRE DEPARTMENT,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Charles F. Angel, Christopher R. Angel, Angel Law Firm, Bozeman, MT

For Respondent:

Kenneth D. Tolliver, David Wilkins, Wright, Tolliver and Guthals, P.C.,

Billings, MT

Submitted on Briefs: December 7, 2000
Decided: June 7, 2001

Filed:

_____

Clerk


Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Plaintiffs Denise Jacobs and Lenna Coates filed separate complaints against the Defendant Laurel Volunteer Fire Department in which they claimed the Defendant's negligence was a contributing cause of an automobile collision in which they alleged that they were injured. These two cases were consolidated for trial. At the close of the Plaintiffs' case, the fire department moved the court to dismiss as a matter of law, pursuant to Rule 50, M.R.Civ.P. The motion was granted. Plaintiffs appeal from the District Court's order and judgment. We affirm the judgment of the District Court.

¶2 The following issues are raised by the plaintiff's appeal:

¶3 (1) Did the District Court err when it granted the defendant's motion in limine, and prohibited the plaintiffs from contending that the defendant had a duty to regulate traffic?

¶4 (2) Did the District Court err when it granted the defendant's motion to dismiss based upon the court's conclusion that no causal connection existed between the defendant's activities and the Plaintiff's collision?

## FACTUAL BACKGROUND

¶5 On July 4, 1994, Denise Jacobs and Lenna Coates used Interstate Highway 90 to travel to a fireworks display in Laurel, Montana. The event, sponsored by the Laurel Volunteer Fire Department, attracted nearly 20,000 residents from around the area. The Laurel Volunteer Fire Department has sponsored the event for the last forty years. In the early 1990's, the fire department began a "boot drive" to help raise money for the fireworks display.

¶6 Every year the fire department conducts this drive at various locations around the town. The firemen stand near the edge of the road while holding a cowboy boot. As people drive by, they are invited to contribute to the boot drive, usually by throwing money or checks into the boot. Fireman, Daniel Mears, and two other firemen conducted such a boot drive

at Exit Ramp 437. They arrived around 6:00 pm and remained there for approximately two to three hours.

¶7 Jacobs exited the highway at Exit 437 and came to a stop behind other cars on the exit ramp after 9 pm that night. As they waited on the exit ramp, they slowly advanced and then stopped each time a car went through the stop sign. A vehicle, driven by Dobert Harry Bruce, exited the Interstate behind them. Bruce did not immediately notice that the traffic was stopped ahead of him. When he did notice, he applied his brakes but could not avoid colliding with Jacob's car. His collision with her caused her to strike the car in front of her and so on, until, ultimately four vehicles were involved in the collision.

¶8 Highway Patrol Officer, Sharon Jean Taggert arrived at the scene of the accident shortly after the accident occurred. She questioned both women about the cause of the accident. They explained that Bruce failed to reduce his speed adequately while approaching from behind their vehicle. They reported that both their headlights and brake lights were working. Officer Taggert determined that Bruce's reckless driving was the cause of the collision and issued him a citation. Both women were injured in the collision and examined at a local hospital.

¶9 In these claims against the fire department, plaintiffs alleged that the fire department's negligence caused traffic congestion, and therefore, that the fire department, in addition to Bruce, was responsible for the car accident. Plaintiffs claim that the boot drive caused traffic to build up on the exit ramp of the highway and that as sponsors of the fireworks display, the fire department owed a duty to warn people about the traffic as well as a duty to manage the traffic.

¶10 The trial commenced on October 18, 1999. After the plaintiffs presented their evidence, the fire department moved the court for judgment as a matter of law. The trial court granted the motion and dismissed the Plaintiffs' actions.

DISCUSSION

ISSUE ONE

¶11 Did the District Court err when it granted the defendant's motion in limine, and prohibited the plaintiffs from contending that the defendant had a duty to regulate traffic?

¶12 The District Court granted the fire department's motion in limine which prohibited Jacobs and Coates from alleging that the fire department had a duty to regulate traffic. The authority to grant or deny a motion in limine is part of the inherent power of a court to admit or exclude evidence in order to assure a fair trial. *Kissock v. Butte Convalescent Ctr.*, 1999 MT 322 ¶10, 297 Mont. 307 ¶10, 992 P.2d 1271 ¶10. With this principle in mind, we will not overturn a district court's order in limine absent an abuse of discretion. *Kissock*, ¶10, *see also, City of Helena v. Lewis* (1993), 260 Mont. 421, 425-26, 860 P.2d 698, 700.

¶13 In order to prove a prima facie case of negligence, a duty must exist which has been breached by the defendant. Appellants claim that the fire department had a duty to regulate traffic. In Montana, "the existence of a duty of care depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against the imposition of liability." *Singleton v. L.P. Anderson Supply Co., Inc.* (1997), 284 Mont. 40, 44, 943 P.2d 968, 971 (quoting *Maguire v. Department of Institutions* (1992), 254 Mont. 178, 189, 835 P.2d 755, 762). In the absence of foreseeability, there is no duty and in the absence of duty, there is no negligence. *Poole ex rel. Myer v. Poole*, 2000 MT 117 ¶20, 299 Mont. 435 ¶20, 1 P.3d 936 ¶20.

¶14 Plaintiffs contend that the District Court abused its discretion when it granted the fire department's motion which barred Plaintiffs from asserting that the fire department had a duty to regulate traffic. They contend that the fire department knew the fireworks display attracted a large number of spectators and that this knowledge created a duty to regulate the flow of traffic to and from the event.

¶15 However, plaintiffs have provided no authority for their contentions that holding an event in one area makes a private person or entity responsible to regulate traffic in an entirely separate location. Furthermore, Plaintiffs have also offered no evidence to prove that excessive traffic actually caused any dangerous conditions on the highway. Although both Plaintiffs testified that the exit ramp was backed up, they offered no testimony that the back-up was excessive for the amount of traffic on the highway. Instead, Officer Taggert stated in her deposition that the amount of traffic on the highway that evening did not cause any problems. She felt the increase in traffic was due to the fireworks display but that no problem resulted from it.

¶16 Plaintiffs suggest that we should find a duty owed by a defendant when that defendant creates the hazard that injures the plaintiff. In *Piedalue v. Clinton Elementary School*

(1984), 214 Mont. 99, 692 P.2d 20, we held that a property owner has a duty to maintain his or her premises in a reasonably safe condition or warn guests of the danger. This includes safe ingress and egress beyond the premises. However, we were concerned with the land directly adjacent to the owner's property, not the travel route taken by his invitees.

¶17 Therefore, this case is distinguishable from *Piedalue*. The fire department sponsored a Fourth of July fireworks display for the benefit of the community - they did not spill anything or block traffic on the freeway, nor did they create a hazardous condition for travelers coming to and from their property. Although a duty may have been owed by the fire department to assure safe passage at the event itself, the fire department has no duty to ensure that every spectator arrives safely to the event from their home.

¶18 A judicial determination of duty involves various policy considerations, including 1) the moral blame attributable to the defendant's conduct; 2) the prevention of future harm; 3) the extent of the burden placed on the defendant; 4) the consequences to the public of imposing such a duty; and 5) the availability of insurance for the risk involved. *See Jackson v. State of Montana*, 1998 MT 46, ¶39, 287 Mont. 473, ¶39, 956 P.2d 35, ¶39.

¶19 After evaluating these factors, we conclude that the District Court correctly held that no duty was owed by the fire department to regulate traffic on and around the interstate highway.

## ISSUE TWO

¶20 Did the District Court err when it granted the defendant's motion to dismiss based upon the court's conclusion that no causal connection existed between the defendant's activities and the Plaintiff's collision?

¶21 Plaintiffs contend that the District Court erred by dismissing their case as a matter of law. The District Court concluded as a matter of law that no causation existed between the accident and the boot drive. We review a District Court's legal conclusions to determine if they are correct. *Jackson,* 1998 MT 46 ¶31, 287 Mont. 473 ¶31, 456 P.2d 35, ¶31.

¶22 In order to sustain a claim based on negligence, the plaintiff must prove both negligence of the defendant and a causal relationship between that negligence and the plaintiff's injury or damage. *J.L. v. Kienenberger* (1993), 257 Mont. 113, 116, 848 P.2d 472, 475. Where a plaintiff fails to present evidence establishing all the elements of the

prima facie case, a directed verdict is proper. *Riley v. American Honda Motor Co., Inc.* (1993), 259 Mont. 128, 132, 856 P.2d 196, 198.

¶23 Plaintiffs object to the District Court's conclusion that there was no causation between the boot drive and their collision. They contend that causation is a factual issue and therefore, must be submitted to the jury. However, while causation is ordinarily a question of fact for the trier of fact, it can be determined as a matter of law where reasonable minds can reach but one conclusion. *Riley*, 259 Mont. at 132.

¶24 Plaintiffs claim that they were injured as a result of the fire department's negligent acts and omissions including failure to regulate traffic and the boot drive. However, we previously concluded that the fire department had no duty to regulate traffic at the location of the collision and plaintiffs simply offered no evidence of a causal connection between the boot drive and the accident.

¶25 Mears testified that the firemen arrived at the exit ramp at 6 pm and remained at that location for approximately two to three hours. He explained that the fire department has specific policies concerning the boot drive. These policies prohibit stopping traffic or approaching the lead car. Firemen are only allowed to hold the boot up and let people throw money in the boot as they pass by. These policies specifically prohibit the firemen from performing any actions that might slow down the flow of traffic.

¶26 Officer Taggert arrived at the scene of the accident shortly after it occurred. During her deposition, she was questioned about who was on the scene when she arrived:

> Q. Where there any other emergency personnel on the scene when you arrived?
>
> A. I don't remember. I believe the ambulance arrived after me, but I'm not certain.
>
> Q. Do you recall seeing a fire truck?
>
> A. No, I don't.
>
> Q. Did you see any firemen?
>
> A. Not that I recall.
>
> . . .

A. I just thought at the time that [the exit ramp] was backed up basically 'cause everybody was going to the 4th of July fireworks in Laurel.

¶27 Taggert considered the circumstances and found Bruce responsible for the accident. She gave the following testimony:

Q. Do you recollect what you noted to be the cause of the accident?

A. Mr. Bruce's Basic Rule violation.

. . .

Q. Did you note any contributing factors other than Mr. Bruce's Basic rule violation?

A. No.

¶28 Plaintiffs contend that the fire department was also responsible for the accident. However, neither of them saw the firemen at the off ramp or soliciting donations prior to the accident. No witness testified to any negligent behavior by the firemen who performed the boot drive. In fact, Plaintiffs produced no witnesses who saw the boot drive at all during that evening.

¶29 Although the Defendants owe a duty of care when conducting their boot drive, the plaintiffs failed to prove any breach of that duty or any causation between the boot drive and the collision. Appellants suggest, instead, that the boot drive, itself, is a negligent activity even though no testimony or evidence provided substantiates this charge.

¶30 We agree with the District Court that the Plaintiffs failed to prove their prima facie case. No reasonable person could find any causation between the boot drive and the accident based on the evidence submitted by the plaintiffs. We conclude based on the record that the District Court properly granted the fire department's motion for judgment as a matter of law.

¶31 For these reasons, we affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER