DA 08-0282

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 185

PATTY EMANUEL and PATTY EMANUEL AS PARENT
AND NATURAL GUARDIAN OF ANDREW EMANUEL,

      Plaintiff and Appellant,

  v.

GREAT FALLS SCHOOL DISTRICT, ALICE ROBBINS
(aka ALICE HORAK), MERRITT ROBBINS, DANIEL ROBBINS,
BRANDON SAND and DOES A THROUGH Z INCLUSIVE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. ADV 06-053
                     Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Randy Lee Tarum; Tarum Law Office; Great Falls, Montana

      For Appellees:

           David C. Dalthorp; Gough, Shanahan, Johnson & Waterman, PLLP;
           Helena, Montana

                         Submitted on Briefs:  February 19, 2009

                                    Decided:  May 27, 2009

Filed:

           _____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Patricia Emanuel, et al. (hereinafter "Emanuel") appeals from the Order of the Eighth Judicial District Court, Cascade County, granting summary judgment in favor of the Great Falls School District, et al. (hereinafter "GFSD"); and from the court's order denying her motion to add Dick Kloppel as a party defendant. We affirm.

¶2 We consider the following issues on appeal:

¶3 1. Did the District Court err in granting summary judgment in favor of GFSD on Emanuel's negligence claim on the basis that GFSD owed no duty to Emanuel?

¶4 2. Did the District Court abuse its discretion in denying Emanuel's motion to add Dick Kloppel as a party defendant?

### FACTUAL AND PROCEDURAL BACKGROUND

¶5 Daniel Robbins (hereinafter "Robbins") started his freshman year at CMR High School in Great Falls, Montana, in the fall of 2001. In January 2002, he turned in a typing assignment containing his New Year's Resolution List. The list contained several violent themes, including a resolution to "[g]et a drivers license so I can do those horrible things people like to read about in the paper." Robbins's teacher brought the list to the attention of the administration, resulting in Robbins's mother being called in for a conference with Robbins and the school counselor, Jesse O'Hara (hereinafter "O'Hara"). This meeting did not end well, and resulted in Robbins's mother stating that O'Hara should be removed as Robbins's counselor. A subsequent meeting was conducted with Principal Kloppel, Associate Principal Gregoire, Robbins, and both his parents. At the

2

meeting, Kloppel expressed his opinion that while the list was inappropriate and must be taken seriously, Robbins was a normal kid. Both the administration and Robbins's parents left the meeting with the impression that the list was a teenage attempt at black humor, and that Robbins understood it was inappropriate. There were no allegations that the list contained any specific threats. The meeting resulted in the participants agreeing to monitor Robbins's grades, and try to get him into some different classes.

¶6 Following the meeting, it was O'Hara's impression that he was no longer Robbins's counselor, and that Kloppel, who had a masters degree in counseling, would be dealing with Robbins. However, neither Kloppel nor anyone else at CMR took any subsequent action with respect to Robbins. Approximately seventeen months later, on the evening of May 27, 2003, Robbins purposely ran over Emanuel as she was jogging past CMR High School, on the way from her home to the store. The passenger in Robbins's vehicle, Brandon Sand, told police that when Robbins spotted Emanuel jogging, he planned to run her over, and then engage in necrophilia with her corpse.

¶7 Emanuel filed suit against GFSD, alleging, in pertinent part, that GFSD was negligent in its handling of Robbins subsequent to its discovery of the resolution list, and was thus liable for her injuries. GFSD moved for summary judgment, asserting that it was under no duty to protect Emanuel from the criminal acts of a third person, here Robbins. The District Court agreed, finding that because there was no "special relationship" between GFSD and Robbins or GFSD and Emanuel, GFSD was under no

3

duty to protect Emanuel from Robbins. The court ultimately granted summary judgment in GFSD's favor.

¶8 Emanuel also filed a Motion for Leave to File Second Amended Complaint, seeking to add Kloppel as a named defendant. The District Court denied this motion, finding that such an amendment would be futile because: 1) Kloppel was entitled to qualified immunity as a school district employee; and 2) because Emanuel sought to sue Kloppel in his official capacity, he was not an indispensable party pursuant to M. R. Civ. P. 19(a). Emanuel appeals from these orders.

## STANDARD OF REVIEW

¶9 We review a district court's grant of summary judgment de novo, and apply the same criteria applied by the district court pursuant to M. R. Civ. P. 56(c). *Pennaco Energy, Inc. v. Mont. Bd. of Envtl. Review*, 2008 MT 425, ¶ 17, 347 Mont. 415, 199 P.3d 191. A district court may grant summary judgment only when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Pennaco*, ¶ 17. We review a district court's discretionary rulings, including denial of a motion to amend a complaint, for abuse of discretion. *Petitioners I-549 v. Missoula Irrigation Dist.*, 2005 MT 100, ¶ 9, 326 Mont. 527, 111 P.3d 664.

4

## DISCUSSION

¶10 **1. Did the District Court err in granting summary judgment in favor of GFSD on Emanuel's negligence claim on the basis that GFSD owed no duty to Emanuel?**

¶11 In order to prevail in a negligence action, a plaintiff must establish the defendant owed the plaintiff a legal duty, breach of that duty, causation, and damages. *Ecklund v. Trost*, 2006 MT 333, ¶ 32, 335 Mont. 112, 151 P.3d 870. Whether a duty exists in a given case is a question of law. *LaTray v. City of Havre*, 2000 MT 119, ¶ 18, 299 Mont. 449, 999 P.2d 1010 (overruled on other grounds).

¶12 The District Court determined that GFSD did not owe a duty to Emanuel, based on the general rule that there is no duty to protect others against harm from third persons, absent a special relationship of custody or control. *Prindel v. Ravalli County*, 2006 MT 62, ¶ 25, 331 Mont. 338, 133 P.3d 165. The court therefore found it unnecessary to determine whether Emanuel was a foreseeable plaintiff. On appeal, Emanuel argues that where the defendant commits misfeasance (injuring another by a positive affirmative act),[1] there is no requirement of a special relationship in order to give rise to the duty of ordinary care to protect others against harm from third persons. However, because we determine that ultimately, Emanuel was not a foreseeable plaintiff, we do not address whether a plaintiff must demonstrate a special relationship of custody or control where misfeasance (as opposed to nonfeasance) is alleged.

---

[1] See Restatement of Torts 2d. § 314, comment (c).

5

¶13 "[F]oreseeability is of primary importance in establishing the existence of a duty." *Prindel*, ¶ 39. It is axiomatic that "[i]n the absence of forseeability, there is no duty . . . ." *Jacobs v. Laurel Volunteer Fire Dept.*, 2001 MT 98, ¶ 13, 305 Mont. 225, 26 P.3d 730. Therefore, "[i]f a reasonably prudent defendant can foresee neither any danger of direct injury nor any risk from an intervening cause he is simply not negligent." *Prindel*, ¶ 39. However, there is no requirement that either the particular accident that ensues or the particular plaintiff need be foreseen. *Fischer v. Swift Transp. Co. Inc.*, 2008 MT 105, ¶ 26, 342 Mont. 335, 181 P.3d 601; *Prindel*, ¶ 39.

¶14 In *Prindel*, we concluded it was foreseeable to the Ravalli County jail staff that turning away a former inmate who appeared at the jail to be incarcerated by court order, whom they had once witnessed threatening another inmate, could result in the individual injuring a nearby resident two days later. ¶¶ 40-43. Specifically, we held: "[i]t is foreseeable that if a convicted criminal is not incarcerated as ordered and is left to his own devices, he will commit additional crimes and injure members of the community in the process." *Prindel*, ¶ 41. Similarly, in *Lopez v. Great Falls Pre-Release Servs., Inc.*, we held it foreseeable that an inmate who escaped from the Great Falls Pre-Release Center could harm a member of the Great Falls community approximately four days later, notwithstanding that he had been incarcerated for non-violent property offenses. 295 Mont. 416, ¶¶ 5, 31, 986 P.2d 1081 (1999) (overruled on other grounds). Our holding in *Lopez* reflects the implicit conclusion that "a reasonably prudent defendant should foresee the risk inherent in inadequately supervising or controlling an inmate—since the

inmate, when allowed to roam free may intentionally injure a member of the public in their person or property." *Prindel*, ¶ 39 (citing *Lopez*, ¶¶ 5, 31).

¶15 The instant case is not sufficiently analogous to conclude that GFSD should have foreseen that Robbins would deliberately run over a pedestrian, after school hours, off school grounds, nearly seventeen months after the disturbing New Year's Resolution list was brought to its attention. Our conclusion is based upon several important, uncontested facts. First, the resolution list did not contain any specific threats. Second, several of the resolutions (e.g.: "Kill the tooth fairy.") were sufficiently ridiculous or random so as to support Robbins's explanation that the list was created as a misguided attempt at black humor. Third, at the time of the GFSD administration's allegedly negligent conduct, the District had no other information suggesting Robbins was likely to harm anyone. Finally, Robbins committed the crime nearly seventeen months after GFSD's allegedly negligent conduct. In sum, the instant case stands in sharp contrast to the facts in *Prindel* and *Lopez*, where a reasonable person in the shoes of the defendant should have foreseen that their action or inaction was likely to result in harm to someone in the community.

¶16 We conclude that, based on the facts known to GFSD at the time of its allegedly negligent conduct, it was not foreseeable that seventeen months later, Robbins would intentionally run over a pedestrian off school grounds and after school hours. Therefore, the District Court did not err in concluding that, as a matter of law, GFSD owed no duty to Emanuel.

7

**¶17 2. Did the District Court abuse its discretion in denying Emanuel's motion to add Dick Kloppel as a party defendant?**

¶18 The District Court denied Emanuel's motion to add Kloppel as a party defendant for the reason that under § 2-9-305, MCA, Kloppel was immune from suit as an employee of a governmental entity, thus the amendment would be futile. The court correctly applied the following standard: "[g]enerally, it is an abuse of discretion to refuse amendments to pleadings offered at a reasonable time and which would further justice; on the other hand, amendments which would result in undue delay or undue prejudice to the opposing party or amendments which would be futile need not be permitted." Rule 15(a), M. R. Civ. P.; *Reier Broad. Co., Inc. v. Montana State University-Bozeman*, 2005 MT 240, ¶ 8, 328 Mont. 471, 121 P.3d 549.

¶19 On appeal, Emanuel argues that because § 2-9-301, MCA, does not prohibit an employee from being named a party defendant, Kloppel is a "real party in interest" as contemplated by M. R. Civ. P. 17(a). Rule 17(a) does not support Emanuel's argument. It requires that the individual or entity <u>prosecuting</u> an action be named in the Complaint. It does not apply to Kloppel, who was a proposed party defendant.

¶20 Section 2-9-305, MCA, expressly provides that in an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability if the governmental entity acknowledges the employee was acting within the course and scope of their employment. GFSD expressly acknowledged that Kloppel was acting within the scope of his employment in his dealings with Robbins. Because Kloppel enjoys statutory immunity from liability, it would indeed have been "futile" to

8

name him as a party defendant.  M. R. Civ. P. 15(a), *Reier Broad. Co., Inc.* ¶ 8.  The District Court did not abuse its discretion when it denied Emanuel's motion.

¶21     Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS