DA 08-0600

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 328N

KUCK TRUCKING, INC., a Montana corporation,

        Cross-Claimant and Appellant,

v.

BRENNTAG WEST, INC., a successor in
interest to DYCE CHEMICAL, INC., a
Montana Corporation, et al.,

        Cross-Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2007-0443
Honorable Gregory R. Todd, Presiding Judge
Cause No. DV -2005-048
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kenneth D. Tolliver, Matthew B. Gallinger, Tolliver Law Firm, P.C.,
                Billings, Montana

                Mark L. Carman, Carman Law Office, P.C., Billings, Montana

        For Appellees:

                Kyle A. Gray, Robert L. Sterup, Holland & Hart, LLP, Billings, Montana

                Kim K. Burke, Daniel R. Warncke, Taft, Stettinius, Hollister, LLP,
                Cincinnati, Ohio

Submitted on Briefs:  August 26, 2009

Decided:  October 13, 2009

Filed:

_____

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kuck Trucking, Inc. appeals from four orders of the Thirteenth Judicial District Court, Yellowstone County, entered in two separate cases: *Weiss v. Dyce Chemical* and *Burbank v. Brenntag West, Inc.* These cases were consolidated on appeal. We affirm.

¶3 In June 2000, the *Weiss* plaintiffs filed a class action complaint against Kuck and a number of other defendants, including Brenntag West, Inc. (as successor in interest to Dyce Chemical, Inc.), Brenntag, Inc. (as successor in interest to HCI USA Distribution Companies), and Stinnes Corporation (as successor in interest to HCI Americas, Inc.) (collectively HCI). The complaint alleged that the defendants had contaminated the soil, water, and air in the town of Lockwood, Montana. In April 2004, HCI settled with the *Weiss* plaintiffs and was dismissed from the suit. Kuck remained a party to the lawsuit, as the plaintiffs alleged that Kuck was responsible in part for the contamination. In May 2007, Kuck filed a cross-complaint against HCI seeking damages for violation of the Montana Constitution, strict liability, trespass, negligence, nuisance, wrongful occupation of land, unjust enrichment, and indemnification/contribution. Kuck also sought punitive damages.

3

¶4      In January 2005, after HCI had been dismissed from the *Weiss* lawsuit, the *Burbank* plaintiffs filed a similar class action complaint.  Again, Kuck and HCI were named as defendants.  In November 2006, Kuck asserted the same cross-claims against HCI in the *Burbank* lawsuit as it had asserted in the *Weiss* lawsuit.  HCI settled with the *Burbank* plaintiffs in April 2008.

¶5      On September 11, 2007, the *Weiss* Court granted HCI's motion to dismiss Kuck's cross-complaint.  The court observed that once parties settle, under § 27-1-704, MCA, co-tortfeasors are barred from bringing contribution claims against the settling parties.  Moreover, the court noted that pursuant to M. R. Civ. P. 13(g), cross-claims may only be asserted against co-parties.  By the time Kuck filed its cross-complaint in 2007, HCI was no longer a party to the *Weiss* lawsuit.  Lastly, the court determined that the claims raised by Kuck in its cross-complaint were barred by the statute of limitations.

¶6      On April 7, 2008, the *Burbank* Court granted summary judgment in favor of HCI and dismissed Kuck's cross-complaint.  The court determined that Kuck's claims were barred for two reasons.  First, the court concluded that Kuck's claims were barred by the statute of limitations.  Under § 27-2-102(3)(a), MCA, the statute of limitations begins to run when a party knew or should have known the facts constituting its claim.  According to the court, Kuck's various tort claims were subject to two and three-year statutes of limitations.  Because Kuck filed a pleading in 2001 alleging that contaminated groundwater flowed from Dyce Chemical onto Kuck's property, Kuck knew or should have known of its claims against HCI by late 2001.  Kuck's claims were therefore barred by the time Kuck filed its cross-complaint against HCI in November 2006.

4

¶7 Second, the court concluded that Kuck's claims were barred by collateral estoppel. The court observed that identical issues were raised in the *Weiss* and *Burbank* lawsuits. In particular, the statute of limitations arguments raised by Kuck were the same in both cases. Next, it concluded that the *Weiss* Court reached a final judgment on the merits and that the parties to both lawsuits were the same. Lastly, the court remarked that "[w]ith extensive briefing and two hearings, Kuck has been heard." Accordingly, the court granted summary judgment in favor of HCI.

¶8 On June 6, 2008, the *Burbank* Court denied Kuck's motion for reconsideration. Less than a month later, the *Weiss* Court denied Kuck's motion to clarify and motion for leave to amend. Kuck now appeals from the September 11, 2007, April 7, 2008, June 6, 2008, and July 2, 2008 orders of the *Weiss* and *Burbank* Courts.

¶9 "The question of whether a district court properly granted a motion to dismiss is a conclusion of law which we review to determine if the court's interpretation and application of the law is correct." *Fleenor v. Darby School Dist.*, 2006 MT 31, ¶ 6, 331 Mont. 124, 128 P.3d 1048. We review a district court's decision to grant summary judgment de novo. *Libby Placer Min. Co. v. Noranda Min. Corp.*, 2008 MT 367, ¶ 25, 346 Mont. 436, 197 P.3d 924. The moving party must establish the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Libby Placer Min. Co.*, ¶ 25.

¶10 A motion for reconsideration is not authorized by the Montana Rules of Civil Procedure. *Horton v. Horton*, 2007 MT 181, ¶ 7, 338 Mont. 236, 165 P.3d 1076. In fact, "[t]his Court has handed down numerous decisions wherein we have explained that a

5

'motion for reconsideration' does not exist under the Montana Rules of Civil Procedure." *Horton*, ¶ 14. Instead, a motion wrongly designated as one for reconsideration is equated to a motion to alter or amend under M. R. Civ. P. 59(g). *Horton*, ¶ 14. We therefore construe Kuck's motion for reconsideration as a motion to amend. We review a district court's discretionary rulings, including denial of a motion to amend a complaint, for abuse of discretion. *Emanuel v. Great Falls School Dist.*, 2009 MT 185, ¶ 9, 351 Mont. 56, 209 P.3d 244.

¶11 Under § 27-1-704, MCA, "[a] release or covenant not to sue given to one of two or more persons liable in tort for the same injury, death, damage, or loss" discharges "the tortfeasor to whom it is given from all liability for contribution." Kuck's cross-claim against HCI in the *Weiss* lawsuit for indemnification/contribution is clearly barred by § 27-1-704(3), MCA. Moreover, under M. R. Civ. P. 13(g), "[a] pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Ultimately, cross-claims may only be asserted against co-parties. By the time Kuck filed its cross-complaint against HCI in May 2007, HCI had been dismissed from the case for over three years. Kuck's cross-claims against HCI were barred, and the *Weiss* Court did not err in granting HCI's motion to dismiss. We also conclude that the court did not abuse its discretion in denying Kuck's motion to clarify and motion for leave to amend.

¶12 "The doctrine of collateral estoppel, which embodies the concept of 'issue preclusion,' is a form of res judicata which bars a party from re-litigating an issue, as

opposed to an entire claim, where that issue has been litigated and determined in a prior suit." *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 65, 345 Mont. 12, 192 P.3d 186. Application of collateral estoppel in Montana has traditionally required that: 1) the identical issue raised was previously decided in a prior adjudication; 2) a final judgment on the merits was issued in the prior adjudication; 3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior action; and 4) the party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 18, 331 Mont. 281, 130 P.3d 1267.

¶13 Here, the *Weiss* Court determined that the statute of limitations barred Kuck's claims. Kuck attempted to litigate the same issue again in the *Burbank* case. A final judgment on the merits was issued in the prior adjudication. The *Burbank* Court noted that "[c]learly, this matter was heard by Judge Todd, and he ruled Kuck missed the statute of limitations." Kuck was a party in both the *Weiss* and *Burbank* lawsuits. Lastly, Kuck has been given two opportunities to litigate the statute of limitations issue. For these reasons, Kuck is collaterally estopped from relitigating the statute of limitations issue. Accordingly, the *Burbank* Court did not err in granting summary judgment in favor of HCI. We also conclude that the court did not abuse its discretion in denying Kuck's motion to amend, wrongly designated as a motion for reconsideration.

¶14 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us

7

that this appeal is without merit because the legal issues are clearly controlled by settled Montana law. With respect to the issues invoking judicial discretion, there clearly was not an abuse of discretion.

¶15    Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS