**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANN WILBUR; et al., | No. 11-35642 |
| Plaintiffs - Appellants, | D.C. No. 1:09-cv-00137-RFC |
| v. | |
| STATE OF MONTANA and DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted July 13, 2012
Seattle, Washington

Before: SCHROEDER, KLEINFELD, and M. SMITH, Circuit Judges.

Because the parties are familiar with the factual and procedural history of

this case, we repeat only those facts necessary to resolve the issues raised on

appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Appellants appeal only the parts of the district court order granting summary judgment on the negligence count. Appellants make two arguments. The first argument is that there was a genuine issue of material fact as to whether Brittany Wilbur's (Brittany's) foster parents were state agents. The second argument is that the state of Montana has a nondelegable duty to foster children that makes it liable for the negligence of foster parents. We review a district court's grant of summary judgment de novo. Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004). Summary judgment can be affirmed on any ground supported by the record. Crowley v. Nevada ex rel. Nevada Secretary of State, 678 F.3d 730, 734 (9th Cir. 2012). Appellants have not demonstrated that under Montana law and whatever contract the foster parents may have had with the state (which is not in the record), there is a legal basis for vicarious or direct liability against the state. Nor, even if the state is liable for negligence by the foster parents, have Appellants established a genuine issue of material fact as to negligence.

To withstand summary judgment, Appellants must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of their case that they must prove at trial. Galen v. County

of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007).  To prevail in a negligence action, "a plaintiff must establish the defendant owed the plaintiff a legal duty, breach of that duty, causation, and damages."  Emanuel v. Great Falls Sch. Dist., 209 P.3d 244, 247 (Mont. 2009).

Under the Department of Public Health and Human Service's regulations, Brittany's foster parents were to "provide care and custody including . . . personal care, supervision and attention appropriate to age."  Mont. Admin. R. 37.97.1002(1)(b) (1998).  The foster parents therefore had a duty to supervise Brittany in a manner appropriate to her age, which was fifteen years old at the time of the relevant events.  Appellants did not meet their burden at summary judgment to show that, by leaving Brittany at home alone for about three and a half hours, the foster parents did not provide age-appropriate supervision.

**AFFIRMED.**